**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DAVID NAMER                                                                                                        PLAINTIFF
REG. # 15869-034

v.                                                  2:13CV00003-KGB-JJV

UNITED STATES OF AMERICA                                                                           DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Plaintiff David Namer ("Plaintiff") is an inmate at the U.S. Bureau of Prisons, ("BOP"), Federal Correctional Institution in Forrest City, AR ("FCI Forrest City"). On January 10, 2013, Plaintiff filed a *pro se* Complaint (Doc. No. 2) pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(B), 2671, et seq. He alleges a negligent delay in treatment for injuries sustained during two falls at FCI Forrest City. Before the Court are two Motions for Summary Judgment - one filed by Plaintiff (Doc. No. 33) and the other by Defendant (Doc. No. 34). Both parties have responded (Doc. Nos. 39, 50) and the motions are ripe for disposition.

### II.   UNDISPUTED FACTS

Plaintiff has been incarcerated at FCI Forrest City since September 29, 2003 (Doc. No. 36 ¶ 1). In April 2008, Plaintiff reported a fall while in 'Food Service' during which he sustained two immediately apparent injuries - a bloodied nose, soon found to be broken, and a missing front tooth (*Id*. ¶ 3). BOP dental staff re-implanted the tooth and Plaintiff was sent to Forrest City Medical Center where he was diagnosed with a nasal fracture (*Id*. ¶ 4-5). Plaintiff was instructed to ice the bridge of his nose and follow up with an ear, nose and throat specialist (*Id*. ¶ 5). The specialist

diagnosed Plaintiff with a deviated septum on May 16, 2008, and he had corrective surgery on September 3, 2008 (*Id*. ¶ 7, 18).

On May 29, 2008, Plaintiff was evaluated for complaints of pain in his jaw, mouth, head, shoulder, leg, hip, and face (*Id*. ¶ 8). X-rays of his shoulders and knees revealed no fractures or issues with soft tissue, but did note Plaintiff was suffering from mild degenerative disease of his joints (*Id*. ¶ 11). He continued to complain of pain in his left knee and on November 26, 2008, Plaintiff underwent an MRI on the knee which suggested a small meniscus tear (*Id*. ¶ 22). Medical restrictions were placed on Plaintiff and he was told that he was unlikely to be a surgical candidate (*Id*. ¶ 24 -28). The findings were confirmed during a June 10, 2009, consult with orthopedic surgeon Dr. Brent Sokoloff, who also noted that Plaintiff had right shoulder impingement with biceps tendonitis (*Id.* ¶ 31). Dr. Sokoloff did not recommend surgery for either condition at that time (*Id.*).

On February 21, 2010, Plaintiff reported another fall which resulted in swelling and decreased motion in the left knee, and complaints of tenderness and decreased motion in his right shoulder (*Id*. ¶ 34). On April 14, 2010, Dr. Sokoloff saw him for knee and shoulder pain (*Id*. ¶ 35). The parties dispute whether a consultation report was to be sent to Forrest City. Defendant contends that Plaintiff returned empty-handed and Forrest City medical staff received the report only after requesting it from Dr. Sokoloff in January 2011 (*Id*. ¶ 35, 42).[1] Plaintiff contends the report was sent by fax and received by Forrest City medical staff on April 14, 2010 (Doc. No. 50 at 4).

The report stated that treatment options had been explained to Plaintiff and he elected to proceed with surgery (Doc. No. 36 ¶ 42). An MRI on the right shoulder and arthroscopy on the left

---

[1]In its Motion for Summary Judgment, Defendant concedes that the report may have been faxed to MDI - the scheduling contractor - but that there is no evidence that it was ever forwarded to FCI Forrest City (Doc. No. 35 at 9).

knee (*Id.*) performed on February 11, 2011, and May 15, 2011, respectively, revealed tendon tears in both areas (*Id.* ¶ 43, 44). Arthroscopic repair of Plaintiff's left knee was performed on August 11, 2011 (*Id.* ¶ 48). Surgical repair of Plaintiff's rotator cuff in the right shoulder was performed on September 22, 2011 (*Id.* ¶ 54).

Plaintiff now alleges that Defendant negligently delayed treating these injuries to his nose, knee, and shoulder (Doc. No. 2 at 4-5).

### III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

IV.     **ANALYSIS**

Both parties have moved for summary judgment. Plaintiff alleges three specific injuries - a fractured nose, a meniscus tear in his knee, and a torn rotator cuff in his right shoulder - which he claims Defendant negligently delayed treating. Plaintiff's Motion argues he is entitled to summary judgment on all claims. Defendant also argues it is entitled to summary judgment on all claims against it.

Before turning to the parties' arguments, the Court notes that federal courts typically lack jurisdiction to adjudicate claims brought against the United States due to sovereign immunity. The FTCA, however, waives government immunity insofar as it provides that the United States "shall be liable ... in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. This provision is commonly referred to as the "private analogue" requirement. Accordingly, as Plaintiff brought this action for medical malpractice pursuant to the FTCA, and the actions giving rise to his claims occurred in this State, the medical malpractice law of Arkansas is controlling.

   A.    **Fractured Nose**

Plaintiff alleges that Defendant negligently delayed treatment for his broken nose for five months, and further alleges the delay both prolonged his pain and suffering and caused the "intervention to be more complicated." (Doc. No. 33 at 8). He offers no evidence for the latter claim. Moreover, his Response to Defendant's Motion for Summary Judgment states he is not alleging that any delay complicated or worsened his injuries (Doc. No. 50 at 1). Defendant argues that Plaintiff's claim regarding his nose is time-barred, as it was filed more than two years after it accrued. The Court agrees with Defendant and dismisses Plaintiff's claims regarding his broken nose.

28 U.S.C. § 2401 establishes that tort claims against the United States are barred unless

presented to the appropriate agency within two years of accrual. 28 U.S.C. § 2401 (b). Failure to do so deprives the court of its jurisdiction over an FTCA claim. *Flores v. United States*, 689 F. 3d 894, 901 (8th Cir. 2012). In a medical malpractice case, the claim generally accrues when the "plaintiff knew, or in the exercise of reasonable diligence should have known, the cause and existence of his injury." *Wehrman v. United States*, 830 F.2d 1480, 1483 (8th Cir. 1987). As Defendant points out, Plaintiff's final treatment for nasal fracture occurred on September 10, 2008. His allegations only concern the pain he endured as a result of Defendant's alleged delay in treatment (Doc. No. 50 at 1). Accordingly, he ought to have known the cause and existence of his injury by that date, if not before. He therefore had until September 10, 2010, to present a tort claim regarding his treatment. He failed to do so within the two year span.

Plaintiff argues that his damages were not fully known until all the injuries pertinent to this action were treated (*Id.*). The Court disagrees. The injuries are distinct from one another, as are their accrual dates. Plaintiff's injury to his nose accrued, at the latest, on September 10, 2008. Plaintiff concedes he did not file his administrative tort claim until April 6, 2012 (*Id.*). The Court therefore lacks jurisdiction and must dismiss Plaintiff's claims regarding the medical treatment of his broken nose.

### B.   Injuries to Teeth, Mouth, and Jaw

As noted above, Plaintiff's initial Complaint alleged not only negligently delayed treatment for his nose, knee, and shoulder, but also for unspecified injuries to his teeth, mouth, and jaw. Plaintiff has not addressed or referenced this claim in either his Motion for Summary Judgment or his Response to Defendant's Motion for Summary Judgment. Defendant, however, argues that with respect to this claim, Plaintiff is unable to meet his burden of proof in establishing a *prima facie* case. The Court agrees with Defendant. Nothing in the record establishes what, precisely, these

injuries were or how Defendant failed to treat them. Moreover, Defendant offers evidence that Plaintiff was evaluated, after his fall and on several occasions, by staff and contract dentists. The records offered by Defendant reflect that on each of these occasions Plaintiff either refused treatment or made no complaints of pain concerning the pertinent areas (Doc. Nos. 36-2 at 97; 36-3 at 38-44). Plaintiff has not refuted or in any way addressed the evidence offered by Defendant. The Court therefore dismisses Plaintiff's claim of negligent delay of treatment for injuries to his teeth, mouth and jaw.

### C. Torn Meniscus and Torn Rotator Cuff

Plaintiff's claims relating to his torn meniscus and rotator cuff invoke substantive questions of Arkansas medical malpractice law. Arkansas Code Annotated § 16-114-206 (a) provides that a plaintiff in a medical malpractice action has the burden of proving, by expert testimony, the applicable standard of care, that the medical care provider failed to act in accordance with that standard, and that such failure was the proximate cause of Plaintiff's injuries. Ark. Code Ann. § 16-114-206(a) (2014). Arkansas law provides an exception to the expert testimony requirement in medical malpractice actions where the asserted negligence lies within the jury's comprehension as a matter of common knowledge (*Id.*). In other words, whether to apply the exception turns on whether medical knowledge, training, or expertise is required when considering the alleged negligence, rather than simple common sense.

Plaintiff has not presented expert testimony in support of his claims.[2] He argues, however, that none is required because the pain suffered as a result of the alleged delay is the sole basis for his

---

[2] The Court notes that Plaintiff does cite to various medical records arising from his consultations with Dr. Brent Sokoloff. While these are properly submitted as evidence in this suit, Dr. Sokoloff has not offered expert testimony on behalf of either party.

7

claims against Defendant (Doc. No. 50 at 1). An expert, he contends, is not required to prove pain suffered while awaiting a proper diagnosis and treatment (*Id.*). Defendant argues that Plaintiff is unable to meet the requirements of a malpractice claim for either his knee or shoulder treatment. For the reasons stated below, the Court agrees with Defendant.

The question on which Plaintiff's claims hinge is whether Defendant, in the treatment of Plaintiff's injuries, adhered to the appropriate standard of care. Ark. Code Ann. § 16-114-206. *See also Skaggs v. Johnson*, 323 Ark. 320, 915 S.W.2d 253, 255 (1996). The Court begins by noting that Plaintiff is correct in his contention that expert testimony is not required to prove pain suffered while awaiting proper treatment. However, the sufferance of pain, standing alone, is insufficient to establish a deviation from the appropriate standard of care. Pain may very well accompany even the finest medical treatment. A torn rotator cuff is an inherently painful injury. And to a slightly lesser degree, so is a torn meniscus. But to succeed, Plaintiff must demonstrate that he suffered in excess of what the appropriate standard of care allows. Even with expert testimony, the Court concludes that is impossible to do given the facts presented in this case.

In his pleadings, Plaintiff repeatedly points to the time elapsed between the purported occurrence of an injury and its surgical treatment. Quicker surgery, he argues, was the appropriate course of treatment as it would have curtailed his pain. While any layman would be inclined to agree that quick treatment is preferable to slow, the Court is unconvinced that the course of treatment evidenced in the pleadings is appropriate for a 'common sense' evaluation. Did the appropriate standard of care mandate surgery sooner than Plaintiff received? Were Plaintiff's MRI scans ordered and conducted quickly enough to comport with the appropriate standard of care? Was Plaintiff provided enough physical therapy pursuant to the appropriate standard of care? These are not questions to which common sense provides a ready answer. *See e.g., Eady v. Lansford*, 351 Ark. 249,

92 S.W.3d 57 (2002); *Skaggs v. Johnson*, 323 Ark. 320, 915 S .W.2d 253 (1996). *See also* Ark. Code Ann. § 16-114-206(a) (Repl. 2006). They are, instead, questions for an expert. *Id.* The Court concludes that a jury, without the guidance of expert testimony, would be unable to answer them.

Moreover, it is Plaintiff who bears the burden of establishing not only the appropriate standard of care, but Defendant's deviation from it. Ark. Code Ann. § 16-114-206. If Plaintiff has failed to establish the former, he cannot very well accomplish the latter. The Court is not unsympathetic to the fact that, owing to Plaintiff's current incarceration, the procurement of expert testimony is likely more difficult than it otherwise would be. The law of Arkansas, however, is clear. Where the asserted medical negligence does not lie within the jury's comprehension as a matter of common sense, an expert's testimony is required. The Court therefore denies Plaintiff's Motion for Summary Judgment on both claims.

Turning to Defendant's argument, the Court notes the attached affidavit of Little Rock orthopaedic surgeon Dr. Jay Lipke which states that, after review of the treatment afforded Plaintiff, it is his opinion that no medical negligence is evidenced (Doc. No. 36-3 at 5). Plaintiff, in response, argues that Dr. Lipke's affidavit is 'useless' because it fails to account for the pain he suffered as a result of the alleged delays (Doc. No. 50 at 2). But this argument fails to rebut the professional opinion of Dr. Lipke. Dr. Lipke stated, "The delay in treatment did not in any way compromise the rotator cuff repair." (Doc. No. 36-6, at 4.) He also stated, "I don't feel the delay in treatment in any way affected the preexisting left knee osteoarthritis with an excellent outcome." *Id.* So Plaintiff's argument regarding the level of pain experience fails to address the course of treatment, the nature of the injuries, or support a conclusion that the type of pain typically suffered in accordance with those injuries mandated a different course of action on the part of Defendant. The evidence before the Court shows Dr. Lipke considered all appropriate factors in determining whether he believed

9

medical negligence was evidenced. Plaintiff has provided nothing to support an opposite conclusion.

Plaintiff also argues that Dr. Lipke's affidavit is flawed because he did not personally examine the Plaintiff. Plaintiff has not provided, and the Court is not aware of, any Arkansas law requiring that an expert testifying to the appropriate standard of care, to have first conducted a personal examination of the plaintiff. Plaintiff further argues that Dr. Lipke has based his opinion on false information. The Court cannot reach the same conclusion on the basis of the record before it. Dr. Lipke notes that seven months elapsed (April 14, 2010, to November 4, 2010) between Plaintiff's consultation with Dr. Sokoloff and his next request for medical care for his knee and shoulder injuries (Doc No. 36-3 at 3). Plaintiff alleges that he requested attention "at least one or two times per week" during this period (Doc. No. 50 at 3). But he has not pointed the Court to any specific evidence supporting this contention. Instead, he directs the Court to his own affidavit which states that he repeatedly complained to medical staff during the period ranging from April 2008 to July 2011 (Doc. No. 50 at 7). The Court, however, requires more than self-serving affidavits at this stage. *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006) ("a properly supported motion for summary judgment is not defeated by self-serving affidavits").

Finally, Plaintiff directs the Court toward various records from his consultations with Dr. Sokoloff, the contract orthopaedic surgeon. Plaintiff states that through these records, Dr. Sokoloff 'contradicts' the judgment of Dr. Lipke. The Court disagrees. Nothing in the record evidences a contradiction. That Dr. Sokoloff noted that Plaintiff's injuries were causing him pain does not, of itself, evidence Defendant's failure to meet the appropriate standard of care. Moreover, Dr. Sokoloff's statement, in a message to the scheduling contractor, that 'further delay will make intervention more difficult' (Doc. No. 33 at 64) similarly fails to support Plaintiff's position. The Court cannot conclude from this statement alone that Defendant negligently delayed treating his

10

injuries. Further, Plaintiff has admitted that he is suing solely for the pain the alleged delays caused him to suffer. Any complications arising from those delays are not relevant to the analysis. In any event, the testimony of Dr. Sokoloff has not been presented and the Court will not attempt to determine his opinion on Plaintiff's treatment by extrapolation. In light of the foregoing, the Court grants Defendant's Motion for Summary Judgment on Plaintiff's knee and shoulder claims.

### D. Physical Therapy

Plaintiff's Motion for Summary Judgment also briefly argues that the physical therapy provided him after his shoulder surgery was inadequate. Plaintiff offers evidence from his medical reports in support of his contention that he would require "extensive" physical therapy (Doc. No. 33 at 68-79). He goes on to allege that "Defendant egregiously, wilfully, and deliberately ignored all of them" and provided him only one session of physical therapy after nearly six months of waiting. (Doc. No. 33 at 10). By contrast, in its Response to Plaintiff's Motion for Summary Judgment, Defendant argues that Plaintiff has failed to present any evidence that insufficient physical therapy for his shoulder prolonged his recovery (Doc. No. 39 at 3). The Court agrees with Defendant.

Plaintiff's allegation that Defendant ignored his need for physical therapy is unsupported by either the record or expert medical testimony. His complaint alleges only that a delay in scheduling physical therapy caused him "to suffer a longer recovery, more pain, greater discomfort, and harm over and above that which was necessary" (Doc. No. 2 at 5). By all accounts (including the reports to which Plaintiff cites), his recovery from shoulder surgery was devoid of setbacks (Doc. Nos. 33 at 73; 36-1 ¶ 69). Plaintiff has failed to adequately allege an injury stemming from any insufficiencies in the physical therapy he was provided. Plaintiff has not directed the Court to anything in either the record or in expert testimony which would support this claim or support a finding in his favor on a basis beyond speculation or conjecture. The Court therefore concludes that

Plaintiff's Motion for Summary Judgment fails as to this claim, and it is appropriate for dismissal.

## V.   CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 33) be DENIED.

2. Defendant's Motion for Summary Judgment (Doc. No. 34) be GRANTED.

3. Plaintiff's claims against Defendant be dismissed with prejudice.

DATED this 21st day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE