**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**DAVID NAMER**                                                                                      **PLAINTIFF**
**REG. # 15869-034**

**v.**                                             **Case No. 2:13-cv-00003-KGB-JJV**

**UNITED STATES OF AMERICA**                                                         **DEFENDANT**

**ORDER**

The Court has reviewed the Proposed Findings and Recommendations submitted by
United States Magistrate Judge Joe J. Volpe (Dkt. No. 59).   Plaintiff David Namer filed
objections to the Proposed Findings and Recommendations (Dkt. No. 63), a motion to have
Magistrate Volpe recuse and to have the findings and recommendations stricken (Dkt. No. 64),
and a motion to compel defendant to release Dr. Sokoloff from the prohibition of speaking to
inmate/plaintiff Namer (Dkt. No. 65).   After carefully considering the objections and making a
*de novo* review of the record, the Court concludes that the Proposed Findings and
Recommendations should be, and hereby are, adopted in part as this Court's findings (Dkt. No.
59).   Consistent with this Order, the Court takes under advisement certain portions of the
pending motions for summary judgment; reopens discovery in this case until October 15, 2014,
for the limited purpose of allowing Mr. Namer to seek and obtain an expert witness; and directs
that should Mr. Namer obtain an expert witness, he may file on or before October 15, 2014, the
opinions of his expert witness with the Court to review in connection with the pending motions
for summary judgment.   The Court denies Mr. Namer's motion seeking the recusal of Magistrate
Volpe and to strike the findings and recommendations, and the Court denies Mr. Namer's motion
to compel (Dkt. Nos. 64, 65).

The majority of Mr. Namer's objections do not address the substance of the recommended disposition of the case.  For instance, in recommending that Mr. Namer's claims regarding his torn meniscus and rotator cuff and the physical therapy he was to receive be dismissed, Magistrate Judge Volpe found that, under Arkansas law, the questions raised by whether the government adhered to the appropriate standard of care in the treatment of Mr. Namer's injuries are questions a jury could not answer without the guidance of expert testimony. The Court notes that Mr. Namer bears the burden of establishing the appropriate standard of care, the United States' deviation from it, and the resulting damages, if any.  Mr. Namer argues that evidence from Dr. Bret Sokoloff constitutes expert testimony sufficient to guide the jury. However, Dr. Sokoloff is a treating physician, not an expert witness, and has not rendered any expert opinions in this case.  Even considering Dr. Sokoloff's treatment notes and viewing them in the light most favorable to Mr. Namer, Dr. Sokoloff has not provided any guidance on the appropriate standard of care or damages purportedly resulting from the alleged delays in Mr. Namer's surgery and treatment.  Because of this, on the record before the Court, Mr. Namer has not met his burden of proof at the summary judgment stage.

Turning to the remainder of Mr. Namer's objections, Mr. Namer states that defendant United States obstructed discovery.  He states, as an example, that he requested copies of the MRI discs to send to potential expert witnesses.  The record before the Court, including a January 9, 2014, letter to Mr. Namer from defendant's counsel, indicates that a set of MRI CDs would be placed in the FCC Forrest City Education Department and made available for Mr. Namer to check out (Dkt. No. 30).  However, discovery in this case closed on November 21, 2013 (Dkt. No. 26).  Mr. Namer also states that he requested the affidavit of HSA Graham which was also only produced after discovery ended (*See* Dkt. No. 44).  Judge Volpe permitted Mr.

Namer to address these issues in his response to the United States' motion for summary judgment (Dkt. No. 49).  Mr. Namer also states that he requested additional discovery, including two exhibits attached to his objections, which was not provided.  Citing these examples, Mr. Namer requests that the Court reopen discovery.  Given the late disclosure by the United States of at least the MRI discs which Mr. Namer states he wanted to send to potential expert witnesses, the Court hereby reopens discovery in this case until October 15, 2014, for the limited purpose of allowing Mr. Namer to seek and obtain an expert witness.  Should Mr. Namer obtain an expert witness, he may file on or before October 15, 2014, the opinions of his expert witness with the Court to review in connection with the motions for summary judgment.  The Court also grants Mr. Namer's request that the exhibits attached to his objections be considered in his objections to the Proposed Findings and Recommendations.

Mr. Namer next objects to the facts cited by Judge Volpe in the Proposed Findings and Recommendations, claiming that Judge Volpe cited only defendant United States' facts.  The Court, in reviewing the record, notes that Judge Volpe cites both Mr. Namer's and the United States' filings when he recites the facts in this matter.

The remainder of the objections raised by Mr. Namer are intended to support his argument that Judge Volpe appears biased and did not cite facts provided by Mr. Namer.  The Court will consider these objections in conjunction with Mr. Namer's motion seeking the recusal of Judge Volpe from the case (Dkt. No. 64).

In regard to his motion to recuse, Mr. Namer "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Exp. Corp.*, 974 F.2d 982, 985 (8th Cir. 1992) (citing *Ouachita Nat'l Bank v. Tosco Corp*, 686 F.2d 1291, 1300 (8th Cir. 1982)).  "Recusal is appropriate only

when the facts of the case provide what an 'objective, knowledgeable member of the public' would find to be a reasonable basis for doubting the impartiality of the judge." *Id.* (quoting *United States v. DeLuna*, 763 F.2d 897, 907 (8th Cir. 1985)).

Mr. Namer asserts seven examples of purported bias, and the Court, following the approach of the Eighth Circuit, has reviewed the alleged examples in context. *Ouachita Nat. Bank*, 686 F.2d at 1301. All seven examples of purported bias cited by Mr. Namer express discontent with the way that Judge Volpe reviewed the record and support Mr. Namer's request to reject the words that Judge Volpe used in his Proposed Findings and Recommendations (Dkt. No. 64, ¶ A–G). The Court finds these allegations do not indicate bias on the part of Judge Volpe and do not serve as a basis on which Mr. Namer may seek recusal. Mr. Namer also cites Judge Volpe's previous employment as a federal prosecutor in support of his motion to recuse. Even if that fact could be construed as alleged extrajudicial bias, it is insufficient to meet Mr. Namer's burden of proof to show bias sufficient to seek Judge Volpe's recusal in this case. This Court rejects the contention that a judge's previous employment as a prosecutor should result in recusal from every case in which the government is a party, as Mr. Namer implies. The Court denies Mr. Namer's motion seeking the recusal of Judge Volpe and to strike the findings and recommendations (Dkt. Nos. 64).

Mr. Namer also has filed a motion to compel the United States to release Dr. Sokoloff from the prohibition to speak with Mr. Namer (Dkt. No. 65). The United States informed Mr. Namer that it has imposed no such prohibition on Dr. Sokoloff (Dkt. No. 67-1). Therefore, this motion is denied as moot.

IT IS, THEREFORE, ORDERED that:

1. Mr. Namer shall have until October 15, 2014, to file the opinions of any expert witness he may obtain with the Court for review in connection with the motions for summary judgment. The Court will review any materials submitted by Mr. Namer in connection with the pending motions for summary judgment. Should Mr. Namer fail to obtain an expert witness and fail to file an expert witness opinion in this case by October 15, 2014, however, the Court will deny his motion for summary judgment (Dkt. No. 33) and grant the United States' motion for summary judgment (Dkt. No. 34).

2. Mr. Namer's motion seeking the recusal of Judge Volpe and to strike the findings and recommendations is denied (Dkt. No. 64).

3. Mr. Namer's motion to compel defendant to release Dr. Sokoloff from prohibition of speaking to inmate/plaintiff Namer is denied as moot (Dkt. No. 65).

SO ORDERED this 24th day of July, 2014.

Kristine G. Baker
United States District Judge